(Surrogate's Court, New York County.   February, 1905.)

GUARDIAN—SURVIVING MOTHER—INTEREST IN FATHER'S ESTATE.

> Under Gen. Laws, vol. 1, pp. 1106, 1107, §§ 51–53, providing that a married woman is the joint guardian of her children with her husband, a mother who is the surviving parent of her minor children is not their guardian within the meaning of Code Civ. Proc. § 2746, and is not authorized to receive the distributive share to which they are entitled on an accounting of the father's estate.

> [Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Guardian and Ward, § 4.]

In the matter of the estate of Frank Schuler, deceased. On final accounting. Decree rendered.

John W. Russell, for petitioner.
Leonidas Dennis, for U. S. Fidelity & Guaranty Co.
Paul L. Kinnan, special guardian.

FITZGERALD, S.   Section 51 of the domestic relations law provides that "a married woman is the joint guardian of her children with her husband, with equal powers, rights and duties in regard to them." Cummings & Gilbert's Gen. Laws, vol. 1, pp. 1106, 1107. It is claimed by the mother, who is the surviving parent of her minor children, that she is, by virtue of the provision cited, supplemented by those of sections 52 and 53 of the same law, constituted the general guardian of their persons and estates, and as such authorized by section 2746 of the Code of Civil Procedure to receive the distributive share to which they are entitled on this accounting. The sections of the domestic relations law mentioned, with certain exceptions not material to the question here presented, were, in my judgment, not meant to effect a change in the previous law upon the subject to which they relate, but were intended to be, and are in substance, a re-enactment of section 1, tit. 3, c. 8, pt. 2, of the Revised Statutes of 1829, as amended by chapter 175, p. 303, of the Laws of 1893, and of the provisions of sections 2, 3, and 20 of said title 3 of the Revised Statutes.   See notes to sections 51, 52, and 53, Report Comm'rs of Statutory Revision, 1896, 644, 645.   It was held in Matter of the Estate of Elbert L. Burnham, Surr. Decs. 1896, p. 437, that the declaration contained in section 1 of the Revised Statutes, as amended by the act of 1893, to the effect that a married woman is the joint guardian of her children with her husband, with equal powers, rights, and duties in regard to them, did not by itself, or when considered in connection with the other provisions of the Revised Statues mentioned, constitute such a guardianship as would confer upon either or both of the parents the powers and duties of a general guardian appointed by will or deed or by the court, or entitle them to the possession or control of the property of their children.   It follows that the shares of the infants in this estate cannot be paid to their mother, as she is not a person authorized by section 2746 of the Code of Civil Procedure to receive them.   Indeed, that section itself, by limiting the right of a parent to receive a legacy or

distributive share to the amount of $50, and in view of the character of its other provisions, furnishes abundant internal evidence that the guardianship therein referred to is not such as is provided for in section 51 of the domestic relations law. Counsel is in error in supposing that a deed appointing a guardian is operative in the lifetime of the parent executing it. Estate of Marion McGarry, Surr. Decs. 1901, 539.

The decree will direct the payment of the infants' shares to their guardian to be appointed, and upon his giving the proper security, and in default thereof require the same to be deposited with the city chamberlain.

Decreed accordingly.