DONNA R. WALKER, an Infant, by BERT H. WALKER, Her Guardian ad Litem, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29385.)

Court of Claims, February 16, 1951.

*Joseph A. Nevins* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Royal D. Woolsey* of counsel), for defendant.

RYAN, J. Since April 4, 1944, the infant claimant has been vested with title to a plot of land located on the Olean-Hinsdale road in Cattaraugus County. For the purpose of widening and relocating the highway the State of New York appropriated from claimant's lands a strip approximately twenty-two feet deep across the front of the plot. By an instrument in writing dated April 29, 1948, and witnessed by one Crosby, an employee of the State Department of Public Works, Bert H. Walker undertook to agree to accept the sum of $800 in adjustment of the appropriation claim of his infant daughter. He signed the instrument thus: " Donna Rae Walker, Bert H. Walker, guardian." However, no court of competent jurisdiction has ever appointed him, or any other person, general guardian of the person or property of Donna Rae Walker who at the time of the trial was seven years of age.

On December 21, 1948, Mr. Walker was appointed guardian ad litem of his daughter for the purpose of commencing this proceeding and on January 14, 1949, he filed and served his claim. The appointment was made by the County Court of Cattaraugus County. The application should have been made to this court. (Civ. Prac. Act, § 202.) To correct this error it should now be made *nunc pro tunc,* no objection to our jurisdiction having been interposed upon the trial.

The Attorney-General asks for a dismissal of this claim on the basis of the agreement made by Bert H. Walker purporting to act for the infant claimant. The instrument which he signed is not binding on the infant. (*Matter of Tit. Guar. & Trust Co.,* 242 App. Div. 80, affd. 271 N. Y. 537; *Matter of Schuler,* 46 Misc. 373; *Matter of Goodchild,* 160 Misc. 738.) Although he is the claimant's guardian in socage and under a duty to safely keep the property of his ward, to manage and maintain it, and to receive and account for the profits thereof, his authority does not extend to the disposition of her real estate nor to the compromise of her claim when it has been taken by eminent domain. (Domestic Relations Law, §§ 80–83.) No proceeding has been instituted under article 82-A of the Civil Practice Act. Indeed none could be without the appointment of a general guardian. (Civ. Prac. Act, § 1409-b.)

The infant claimant is entitled to an award herein for the value of the property appropriated and the consequential damages which followed. It would appear that the appointment of a general guardian will be in order before the Comptroller will satisfy the judgment to be entered hereupon. ·