Richard S. Heller, J.
This claim seeks recovery for personal injuries suffered by a seven-year-old boy at Pair Haven State Park. It is brought by the infant through his guardian ad litem who was so appointed by an order of the Supreme Court of the State of New York made on September 9, 1955.
There is thus a defect in the parties since section 202 of the Civil Practice Act provides: 44 When an infant is a party he must appear by a guardian ad litem who shall be appointed by the court in which the action is brought or about to be brought or a judge thereof
No objection has been made to the jurisdiction of this court, however, and under these circumstances this court corrects the *317 error by appointment of Lawrence Bonoghue as such guardian ad litem nunc pro tunc. (Walker v. State of New Yorks 199 Misc 198.)
On August 20, 1955, at about 6 o’clock in the evening, the infant ran down a hill toward the bathing beach. South of the bathing beach there was a concrete walk which had been constructed by the State. The infant tripped on a rock or stone lying south of the walk and struck his head on the edge of the walk.
The stone on which the infant tripped was a part of the natural terrain which was generally sandy. There is nothing to indicate that the stone had been placed there by the State or even that the State had any knowledge of the existence of the stone. The concrete walk had been built at least in part to prevent erosion and it was known that wind and water conditions effected changes in the natural sandy terrain with sand falling away from or piling up along the concrete walk.
The State has an obligation to maintain its parks in reasonably safe condition. What is a reasonably safe condition is always affected by the conditions of each particular locality and the reasonably anticipated use of the locality. Claimant failed to establish any breach of this obligation by the State.
In spite of the known propensities of children to run, the State is not required to anticipate that a child will trip over existing parts of the natural terrain and is only required to alter the natural terrain or warn of a .dangerous condition where there is a known and foreseeable danger. No such condition was shown to exist here. There was no showing of negligent or improper construction of the concrete walk and the proximity of walk and rock did not constitute a reasonably foreseeable dangerous condition. The cases relied upon by the claimant in this regard such as Archer v. City of Mt. Vernon (57 App. Div. 32) are inapplicable since those cases deal with artificial obstructions placed or maintained by the municipality within sidewalk lines.
The motion for dismissal of the claim made at the conclusion of the trial is granted.
The findings submitted by the parties hereto are returned and marked in accordance with the foregoing decision.
Let judgment be entered accordingly.